IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hester Gasque, individually and as mother and legal guardian of Leroy Gasque, her minor son<br><br>        Plaintiffs,<br>vs.<br><br>Williamsburg County School District, Samuel Giles, in his individual capacity, and Ralph C. Fennell, Jr. in his individual capacity, and Ernestine Young, in her individual capacity,<br><br>        Defendants. | Civil Action No#: 4:07-cv-01765-RBH |

## AMENDED COMPLAINT

Plaintiff, Hester Gasque, individually and as the mother and legal guardian, complaining of the above named Defendants, would respectfully show unto this Honorable Court, the following:

### I. Parties, Jurisdiction and Venue

1. That the Plaintiff Hester Gasque, is a citizen and resident of Williamsburg County, State of South Carolina, and is the mother and legal guardian of Leroy Gasque, her minor son.

2. That the minor Plaintiff, Leroy Gasque, is 13 years old, having been born of March 10, 1994 and is also a resident of Williamsburg County.

3. That the Defendant Williamsburg County School District (hereinafter "District") is a subdivision of the State of South Carolina located in Williamsburg County, South Carolina.

4. That upon information and belief, the Defendant Sam Giles is a citizen and resident of Williamsburg County.

5. That upon information and belief, the Defendant Ralph C. Fennell, Jr. (hereinafter referred to as "Fennell") is a citizen and resident of Williamsburg County, South Carolina.

6. That upon information and belief, the Defendant Ernestine Young ("Young") is a citizen and

resident of Williamsburg County, South Carolina.

7.     That this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 because this action is based on 42 U.S.C. §§ 1281, 1983, 2000(d) et. seq. and 2000(e).

8.     That this Court has jurisdiction over the state court claims in this action pursuant to 28 U.S.C. § 1367 (1990), because said state court claims are so related such that they form part of the same case or controversy as the federal claims over which this Court has original jurisdiction.

9.     That venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendants are situated in, or reside in the Florence judicial division, and the wrongful acts giving rise to Plaintiffs' claims were committed in the Florence Judicial division.

## II. Facts

10.    That the Plaintiff's minor son, Leroy Gasque, age 13 years old (hereinafter referred to as "Leroy") is a black male and was a student attending the CE Murray High School located at 222 CE Murray Blvd. in Greeleyville, Williamsburg County, South Carolina from on or about September 22, 2006 until or about November 9, 2006 and the Plaintiff's minor granddaughter, Mickayla Brown, age 12 is a black female and was a student attending the D.P. Cooper Elementary School in Salters, Williamsburg County, South Carolina, from on or about September 22, 2006 until on or about November 9, 2006.

11.    That the Defendant, Sam Giles, was at all times relevant hereto, the Principal of CE Murray High School and the Defendant Young was at all times relevant hereto, the Principal of the D. P. Cooper Elementary School.

12.    That the CE Murray High School was at all times relevant hereto a Title One (1) School where virtually all the students attending were receiving federally assisted free and subsidized meals.

13.    That at all times relevant hereto, Leroy was the recipient of federally assisted and subsidized meals while attending the CE Murray High School.

14.    That at all times relevant hereto the Defendant Williamsburg County School District was a Title (1) One public school district in which over 90% of the students attending were receiving federally

assisted subsidized meals.

15. That at all times relevant hereto, the Defendant Ralph C. Fennell Jr. (Fennell) was the Superintendent and CEO of the Defendant Williamsburg County School District.

16. That the Defendant Williamsburg County School District is an education program or activity receiving federal financial assistance within the meaning of 42 U.S.C. §§ 2000(d) et. seq.

17. That throughout the time Leroy attended the CE Murray High School from on or about September 22, 2006 through on or about November 16, 2006, Leroy was frequently subjected to racial slurs and cursed at in a racially hostile manner by the other students throughout the entire building in which the CE Murray High School is physically located, throughout the school day while Leroy was required by law to be present in such building, including the classrooms, in the halls and on the playground and in the lunchroom, as well as on the school bus to and from school.

18. That the racial slurs, insults and racially hostile behavior the Leroy was subject to at CE Murray High School were so pervasive and aggressive that the Defendant Giles knew or should have reasonable known about it.

19. That the Plaintiff complained to the Defendant Giles repeatedly about the racial slurs, insults and racially hostile behavior that Leroy was subject to throughout the time Leroy attended CE Murray High School.

20. That the Defendant Giles ignored and or was consciously indifferent to the racial slurs, insults and racially hostile behavior that Leroy was frequently subject to at CE Murray High School.

21. That the Defendant Giles did nothing to remedy the racially hostile educational environment Leroy was subject to while a student at CE Murray High School.

22. That the Defendant Giles facilitated and permitted the racially hostile educational environment that Leroy was subjected to while a student at CE Murray High School by failing to remedy the situation.

23. That when the Plaintiff complained to the Defendant Giles about Leroy being subject to racial slurs and racially hostile behaviors, the Defendant Giles, as the Principal and Chief Administrator of CE

Murray High School, through his acts and omissions, tacitly condoned and facilitated the continued subjection of Leroy to racial slurs and insults to the point where Leroy became physically ill, physically and emotionally traumatized and could no longer attend school in the school building located at CE Murray High School, 222 CE Murray Blvd., Greeleyville, Williamsburg County, South Carolina, and had to be put on medically necessary and approved homebound instruction for the remainder of the school year.

24.     That the racial slurs and insults that Leroy was frequently subject to while a student at CE Murray High School were highly offensive, unwelcome and racially motivated.

25.     That the racial slurs and insults that Leroy was frequently subject to while a student at CE Murray High School were severe and pervasive enough to create an environment that a reasonable young black male of Leroy's age would find hostile, abusive and intimidating.

26.     That the racial slurs and insults that Leroy was frequently subject to while a student at CE Murray High School were allowed by the administrative staff at CE Murray High School, including the Plaintiff Giles, to escalate to the point where Leroy was physically threatened, assaulted and battered.

### For a First Cause of Action

(Violation of 42 U.S.C. § 2000(d) et. seq.)

27.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

28.     That the Defendants, as above stated, by their acts and omissions, excluded Leroy from participating in and denied Leroy the benefits of, and subjected Leroy to racial discrimination in a program or activity, receiving federal financial assistance, in violation of Leroy's rights under 42 U.S.C. §§ 2000(d) et. seq. by subjecting Leroy to a racially hostile educational environment.

29.     That Section 601 of Title VI of Chapter 21 of Title 42 of the Civil Rights law, subchapter V prohibits the allowance of a racially hostile educational environment in schools and programs receiving federal financial assistance and provides for a private cause of action for such violations.

30.     That as a direct and proximate result of Defendant's conduct, as stated above, in Violation of 42

U.S.C. §§ 2000(d) et. seq. Leroy has been damaged in that he has been deprived of the right to physically attend school at 222 CE Murray Blvd, Greeleyville, Williamsburg County, South Carolina, and has to now receive medically necessary and authorized homebound instruction subsequent to November 8, 2006, because he was so physically and emotionally traumatized by the racially hostile educational environment he was subjected to at CE Murray High School that he could no longer physically attend school there.

31. That as a direct result of Defendant's conduct in violation of 42U.S.C. §§ 2000(d) et. seq., as stated above, Leroy has suffered physical illness, physical trauma and emotional distress to the point where Leroy needed medicine and medical treatment, suffered physical symptoms, physical disturbances, conduct and personality change and needed counseling.

32. That the Defendant District knew or should have known of the racially hostile environment the Leroy was subject to at the CE Murray High School as above stated and the Defendant District failed to respond adequately to redress that racially hostile environment.

33. That the Defendant District as a recipient of federal assistance has a general duty to provide a non-discriminatory educational environment.

34. That the United States Department of Education, according to 59 Fed. Reg. at 11449, defines a racially hostile environment as "one in which racial harassment is severe, pervasive or persistent so as to interfere with or limit the ability of an individual to participate on or benefit from the activities or privileges provided by the recipient".

35. That the racially hostile educational environment that Leroy was subjected to at CE Murray High School was so severe and persistent that it caused Leroy such physical and emotional trauma that he could no longer personally attend school and had to be transferred pursuant to medical necessity to homebound instruction.

36. That the Defendants' actions and omission, as above stated, were intentional, willful, malicious and in reckless disregard of Leroy's federally protected rights and Leroy is entitled to actual, consequential and compensatory damages, as well as reasonable attorney fees and costs under 42 U.S.C. §

1983 against all Defendants, and punitive damages against Defendant Giles.

### For a Second Cause of Action

(Violation of Civil Right 42 U.S.C. § 1983)

37.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

38.     That while acting under color of state law as an agent of Defendant District, Defendant Giles, acting within the course and scope of his employment with the Defendant District, has discriminated against Leroy by not providing an educational environment free of racial harassment.

39.     That as a direct and proximate result of Defendants conduct, Leroy has suffered damages in that he has had to endure racial cursing and slurs to the extent that he was physically and emotionally traumatized that he could no longer personally attend school and had to be limited to medically necessary homebound instruction. That Defendants unlawful acts were grossly negligent and reckless with regard to Leroy's federally protected rights. That as such Leroy is entitled to actual, consequential, compensatory damages against the Defendants and punitive damages against the Defendant Giles, as well as reasonable attorney fees and costs.

### For a Third Cause of Action

(Retaliation – Violation of Title VI)

40.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

41.     That the Plaintiff personally met with and complained to the Defendant Fennell, in Defendant Fennell's capacity as Superintendent and CEO of the Defendant District, at Defendant Fennell's office, on November 16, 2006, about the racial harassment Leroy was being subject to at CE Murray High School, as stated above.  The Plaintiff additionally complained about the racial and sexual harassment Mickayla Brown, her granddaughter, was being subjected to at DP Cooper Elementary School.

42.     That the Defendant Fennell retaliated against the Plaintiff for complaining about Leroy's and Mickayla's sexual and racial harassment, acting within the course and scope of his employment with the Defendant District, by calling the South Carolina Department of Social Services, or causing the South

Carolina Department of Social Services to be called by the Defendant Young to institute a Child Protective Services Investigation of the Plaintiff and Plaintiff's household for being the cause of the abuse and neglect of Mickayla Brown. Mickayla lived in the same household as Ms. Gasque. Alternatively, Young made the call on her own initiative.

43. That pursuant to the prompting of the Defendant Fennell and/or Young, the South Carolina Department of Social Services did institute an investigation to the great embarrassment and humiliation of the Plaintiff Hester Gasque and the Plaintiffs' household.

44. That the South Carolina Department of Social Services Child Protective Services, investigation of the Plaintiff and the Plaintiff's household began the very day after the Plaintiff met with the Defendant Fennell.

45. That there was no reasonable basis or justification for the Defendant Fennell and/or Young to initiate or cause to be initiated a South Carolina Department of Social Services Investigation of the Plaintiff, and the Plaintiff's household for abuse and neglect of Mickayla.

46. That on December 29, 2006, the South Carolina Department of Social Services determined that the Child Protective Services Investigation initiated on November 17, 2006 at the prompting of the Defendant(s) Fennell and/or Young was unfounded and that abuse and neglect of Mickayla by the Plaintiff was ruled out by the investigation.

47. That the Defendant(s) Fennell and/or Young retaliated against the Plaintiff for complaining about the racial harassment of her son, Leroy at the CE Murray High School, and for complaining about the racial and sexual harassment of her granddaughter, Mickayla at the DP Cooper Elementary School, by blaming the Plaintiff for the physical and emotional trauma suffered by Mickayla and insisting a Child Protective Services investigation by the South Carolina Department of Social Services.

48. That, upon information and belief, any reasons asserted by the Defendant(s) Fennell and/or Young for prompting a Child Protective Services South Carolina Department of Social Services investigation of the Plaintiff for abuse and neglect of Mickayla are false and are a pretext for unlawful

retaliation against the Plaintiff for not backing off the complaints made by the Plaintiff for the racial and sexual harassment of Leroy and Mickayla that occurred at the CE Murray High School and DP Cooper Elementary School.

49. That the Defendant(s) Fennell's and/or Young's retaliation against the Plaintiff directly and proximately caused the Plaintiff to suffer actual damages in the form of emotional trauma, emotional distress, humiliation, embarrassment, loss of sleep, and illness.

50. That upon information and belief, the Defendant(s) Fennell's and/or Young's retaliation against the Plaintiff was intentional and in reckless disregard for her rights to be free from same. Plaintiff is entitled to recover punitive damages against the Defendant(s) Fennell and/or Young in an amount to be determined by a jury in an amount sufficient to deter the Defendant(s) Fennell and/or Young from engaging in such retaliatory actions in the future.

51. That Plaintiff is also entitled to an award of reasonable attorney fees, expert witness fees and costs incurred in bringing this action.

52. That at all times relevant to the Defendant(s) Fennell's and/or Young's retaliation against the Plaintiff, the Defendant Fennell was acting as the Superintendent and effective chief executive officer of the Defendant Williamsburg County School District, and within the course and scope of his employment with the Defendant Williamsburg County School District. Further, at all times relevant to Defendant Young's retaliation against the Plaintiffs, the Defendant Young was acting as the Principal of DP Cooper Elementary School, and with within the course and scope of her employment with the Defendant Williamsburg County School District.

53. That upon information and belief, Defendant Young will file a counterclaim against Plaintiffs alleging that they falsely identified her, without cause or justification, of being the reporter to DSS. This is a frivolous counterclaim, as the Family Court, upon review of the DSS file and other considerations, revealed that Young was the reporter. Thus there has been a judicial determination of who the reporter was. This counterclaim is yet another act of retaliation on the part of Young against the Plaintiff for

complaining to and to intimidate and make the Plaintiff back off from complaining about the racial harassment her son was subjected to at the CE Murray High School and the sexual harassment her granddaughter was subjected to at D.P. Cooper Elementary School.

### For a Fourth Course of Action

(Defamation - Libel and Slander)

54. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim. That it would deter a reasonable mother and grandmother from complaining about the sexual and racially hostile environment her minor son and minor granddaughter was experiencing at school for an Administrator of the Defendant School District to call the Department of Social Services and accuse that mother and granddaughter of allowing sexual and physical abuse of her minor son and minor granddaughter at home.

55. That the adult Plaintiff was at all times a private figure. As such, this is a maintainable action pursuant to the S.C. Tort Claims Act under the authority of Gause v. Doe, 317 S.C. 39, 451 S.E.2d 408 (1994) and Goodwin v. Kennedy, 347 S.C. 30, 552 S.E.2d 319 (2001). Any assertion that this case is not properly before the Court and maintainable under the S.C. Tort Claims Act and otherwise, is fully without merit.

56. That on or about November 17, 2006, without cause, proof or justification, the Defendant Williamsburg County School District acting by and through the Defendant Fennell, acting within the course and scope of his employment with the Defendant District, falsely accused and/or caused Young to falsely accuse the Plaintiff of abuse and neglect of Mickayla. This was false, inflammatory and damaging.

57. That the statements made by the Defendant District, acting by and through the Defendant Fennell and/or Young were published to the South Carolina Department of Social Services and filtered through the public at large about the Plaintiff, impeached the Plaintiff's integrity and reputation by alleging that she was a child abuser. These statements were false, about the Plaintiff, defamatory and damaging.

58. That the libel and slander of the Defendant District, acting by and through the Defendant Fennell

and/or Young turned out to be without evidentiary support. After its own investigation, the South Carolina Department of Social Services found on December 29, 2006 that the charges of child abuse and negligence against the Plaintiff were "unfounded" and that "abuse and neglect were ruled out".

59. That as a result of the Defendants' libel and slander, Plaintiff's integrity and reputation within the community have been damaged. That because such damages are actionable per se, the Plaintiff's damages are legally presumed. In addition, the Plaintiff has special damages.

60. That the libel and slander referred to above were actionable per se in that it falsely accused the Plaintiff of committing a crime.

### For a Fifth Cause of Action

(Invasion of Privacy - Intrusion)

61. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

62. That in the course of the DSS investigation caused by the Defendants, the Plaintiffs were intruded upon. That as a result of the Defendants' actions, there was an intrusion into that which is private, and further was substantial and unreasonable enough to be legally cognizable. The said actions by the Defendants were intentional. As such, she is entitled to damages.

### For a Sixth Cause of Action

(Abuse of Process)

63. That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

64. That the Defendant District, acting by and through the Defendant Fennell, acting within the course and scope of his employment with the Defendant District, willfully and with malicious intent called or caused to be called, the South Carolina Department of Social Services with a report of abuse with the ulterior purposes of punishing the Plaintiffs for complaining about the racial harassment of Leroy at CE Murray High School, and to intimidate the Plaintiff into backing off from those complaints of racial harassment of Leroy.

65. That the Defendant District acting by and through the Defendant(s) Fennell and/or Young,

initiated the call to the South Carolina Department of Social Services for an investigation of the Plaintiff for abuse and neglect of Leroy to obtain the collateral advantage of causing the Plaintiff to back off from or drop the Plaintiff's charges of racial harassment against the Defendant District.

66.     That the actions of the Defendants were made with an ulterior purpose and further they were willful acts and a use of the process not proper in the regular conduct of the proceeding.

67.     That as a direct result of the Abuse of Process by the Defendant District, acting by and through the Defendant(s) Fennell and/or Young, the Plaintiffs suffered emotional distress, emotional trauma, loss of sleep and physical illness, and is entitled to actual and compensatory damages against the Defendant Williamsburg County School District.

### For an Seventh Cause of Action

(Grossly Negligent Hiring and Retention)

68.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

69.     That the Defendants owed duty to the Plaintiffs.

70.     That upon information and belief, the Defendants' employees, acting within the course and scope of their employment, as employer, had foreseeability of harm to the Plaintiffs. That the Defendants breached those duties owed to the Plaintiffs.

71.     That as a consequence, the Plaintiffs have been damaged.

72.     That the Defendants were grossly negligent in hiring and retaining the Defendants' agents and employees, proximately causing the injuries and damages suffered by the Plaintiffs. These occurrences are separate and distinct from the numerous other individual occurrences constituting the other causes of action.

73.     That the Defendants are owing to the Plaintiffs for damages.

### For an Eighth Cause of Action

(Gross Negligence)

74.     That the Plaintiffs repeat and reallege the preceding paragraphs as if they were restated verbatim.

75. That throughout the time Leroy attended the CE Murray High School from on or about September 22, 2006 through on or about November 16, 2006, Leroy was frequently subjected throughout the day to violent physical abuse by the other students throughout the entire building in which the CE Murray High School is physically located, and where Leroy was required by law to be present in such building. This abuse took place throughout the entire building, including in the classrooms, in the halls, on the playground, in the lunchroom, and on the school bus to and from school.

76. That the Defendants had actual knowledge of the abuse suffered by Leroy. Ms. Gasque informed the Defendants of the abuse against Leroy many times.

77. That Leroy was deprived of the usual, happy pursuits that children of a like age enjoy.

78. That the Defendants were grossly negligent.

79. That the Defendants' gross negligence proximately caused the Plaintiff's injuries and damages.

80. That the Defendants are owing to the Plaintiffs for damages.

WHEREFORE, having fully set forth her allegations against the Defendants, and each of them, Plaintiffs respectfully request the following relief:

1. Compensatory damages for emotional trauma and physical trauma caused to Leroy directly and proximately caused by the Defendants' unlawful conduct,
2. Compensatory damages for disruption and loss of educational opportunities for Leroy,
3. Compensatory damages for the emotional distress and illnesses suffered by the Plaintiffs,
4. Actual damages and presumed damages in an amount determined by the jury,
5. Punitive damages against the Defendants Young and Fennell,
6. Attorney fees, expert fees and costs, and
7. For such other relief as the Court deems just and appropriate.

Plaintiffs Hereby Demand a Jury Trial.

    Respectfully submitted:

    By: /s/ Lawrence C. Kobrovsky
    Lawrence C. Kobrovsky, FED ID#: 5294
    PO Box 1726
    Charleston, SC 29402
    PH: (843) 853-3703
    FAX: (843) 853-2331

    And

                        By: /s/ Stephen F. DeAntonio
Stephen F. DeAntonio, FED ID#: 1049
DeAntonio Law Firm, LLC
11 Broad Street
P.O. Box 815
Charleston, SC 29402
PH: (843) 577-8080
FAX: (843) 577-4188

January 28, 2008
Charleston, South Carolina